UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMERICA BANK,<br><br>        Plaintiff,<br><br>        v.<br><br>NALI, INC. d/b/a SIMCO FORMAL WEAR; ILANOS CORPORATION d/b/a ILANOS TALENT WEAR and PRASHANT SHETH,<br><br>        Defendant. | Case No. 14-CV-4884<br><br>Honorable John W. Darrah |

## PLAINTIFF'S MOTION FOR DEFAULT, DEFAULT JUDGMENT, TURNOVER, AND RECOVERY OF FRAUDULENT TRANSFER

COMERICA BANK ("Comerica"), by its attorneys, and pursuant to FEDERAL RULES OF CIVIL PROCEDURE 55(a) & (b), 64 (a) & (b), 735 ILCS 5/19-109, 735 ILCS 160/5 and 735 ILCS 160/6 moves this Court for the entry of an Order of Default, Default Judgment, Order of Turnover, and Recovery of Fraudulent Transfer against Nali, Inc. d/b/a Simco Formal Wear and Ilanos Corporation d/b/a Ilanos Talent Wear. In support of its motion, Comerica states as follows:

### Background

1.      On June 27, 2014, Plaintiff filed its Complaint (the "Complaint") seeking monetary judgments against its borrowers and guarantors, to recover the collateral which secured its loan and for recovery of fraudulent transfers. A copy of the Complaint is attached as **Exhibit 1**.

2.      On July 2, 2014, Nali, Inc. d/b/a Simco Formal Wear ("Nali") was served with process and a copy of the Complaint. A copy of the Return of Service is attached as **Exhibit 2**.

3. On July 17, 2014, Ilanos Corporation d/b/a Ilanos Talent Wear ("Ilanos") was served with process and a copy of the Complaint. A copy of the Return of Service is attached as **Exhibit 3**.

**Motion for Default**

4. Under Federal Rule of Civil Procedure 12(a)(1)(A)(i), the defendants had twenty-one (21) days within which to answer or otherwise plead to the Complaint.

5. Accordingly, defendants Nali, Inc. d/b/a Simco Formal Wear and Ilanos Corporation d/b/a Ilanos Talent Wear (collectively, the "Defendants") had until July 23, 2014 and August 7, 2014, respectively, to file a responsive pleading.

6. To date, the Defendants have failed to appear in this matter or to file an answer or otherwise plead to the Complaint within the time allowed by law.

**Motion for Default Judgment**

7. On or about May 29, 2006, Nali executed a promissory note in favor of the Bank in the original principal amount of $1,117,500.00 (the "Note"). Affidavit of Charles Prack in Support of the Motion (hereinafter "Prack Aff.") attached as **Exhibit 4** at ¶ 4; Complt. Ex. A. On June 8, 2006, Nali executed a Change in Terms Agreement that deferred the principal payments due under the Note for certain months in 2006 (the "Change in Terms Agreement"). Prack Aff. at ¶ 5; Complt. Ex. E. The Note required Nali to make monthly principal and interest payments (the "Monthly Payments") to the Comerica. *See* Prack Aff. at ¶¶ 7-8.

8. The terms of the Note are clear that failure to make a payment, including but not limited to the Monthly Payments, is an Event of Default. Complt. Ex. A at p. 3.

9. Nali defaulted under the terms of Note by failing to make the Monthly Payments. Prack Aff. at ¶¶ 7-8; Complt. Ex. A.

10. Further, as a result of Nali's failure to appear, answer or otherwise plead to the Complaint, the allegations of the Complaint are deemed true. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994); *N.L.R.B v. Dane County Dairy*, 795 F.2d 1313, 1323 (7th Cir. 1986).

11. As of August 20, 2014, there remains due and owing under the Note the amount of $370,664.99 plus additional interest, costs and attorneys' fees.

12. The Note provides that Comerica may recover all attorneys' fees and costs in enforcing the Note. Complt. Ex. A.

13. As of August 29, 2014, Comerica has accrued attorneys' fees of $9,606.18 in enforcing the Note. *See* Affidavit of Kurt M. Carlson attached as **Exhibit 5**.

## Motion for Turnover

14. In order to secure the Note, Nali executed a Security Agreement in favor of the Comerica (the "Security Agreement"). Prack Aff. at ¶ 6; Complt. Ex. B.

15. The Bank perfected its security interest in Nali's assets by filing a UCC financing statement with the Illinois Secretary of State. Complt. Ex. C.

16. Comerica's collateral includes, but is not limited to, the inventory, accounts and equipment (the "Collateral") of Nali. Complt. Ex. B at p. 1, ¶ 1.

17. The Security Agreement provides that after default Comerica is entitled to possession of the Collateral. Complt. Ex. B at p. 6, ¶ 4.2(d).

18. Accordingly, by virtue of the Nali's failure to make payments due under the Note, Comerica is entitled to immediate possession of the Collateral.

19. Despite demand, Nali has failed to turn over the Collateral and is currently wrongfully detaining the collateral. Prack Aff. at ¶ 8.

20. Upon information and belief the Collateral has not been taken for any tax, assessment or fine levied by virtue of any law of this state against the property of the Nali nor seized under any lawful process or against the goods and chattels of the Nali subject to such lawful process, nor held by virtue of any order of replevin against the Nali.

21. Comerica also claims the value of any Collateral not delivered to the officer under the order for replevin entered by the Court.

22. Comerica seeks turnover of its Collateral as established in the Complaint. Further, to the extent the Collateral is not turned over, Comerica requests the United States Marshall's assistance in recovering the Collateral.

### Motion for Recovery of Fraudulent Transfers

23. On May 29, 2006, Sonali Sheth executed a commercial guaranty whereby she unconditionally guaranteed the indebtedness of Nali. Sonali Sheth is a debtor in Chapter 7 bankruptcy case currently pending in this District and, thus, is not named herein.

24. In its Complaint, Comerica made certain allegations related to transfers of the Collateral and others assets by Sonali Sheth and Nali to Ilanos. By way of summary, Comerica alleged that Sonali Sheth and Nali transferred the Collateral and other assets of Nali to Ilanos within the last four years, with the actual intent to hinder, delay or defraud creditors of Nali (the "Transfers"). Complt. at ¶¶ 15, 49-50. Comerica further alleged that the Transfers were made at the time Nali was insolvent and in exchange for the Transfers, Nali received less than reasonably equivalent value. Complt. at ¶¶ 51, 53. Additionally, Comerica alleged that Sonali Sheth and Ilanos are insiders of Nali and benefited directly from the Transfers, and that Ilanos is using the

Collateral and other assets of Nali its business. Complt. at ¶¶ 16, 55. Comerica further alleged that it is a creditor of Nali. Complt. at ¶ 56.

25.  740 ILCS 160/5(a)(1) provides that:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; …

26.  740 ILCS 160/6(a) provides that:

> (a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

27.  As a result of the Defendants' failure to appear, answer or otherwise plead to the Complaint, the allegations of the Complaint are deemed true. *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994); *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994); *N.L.R.B v. Dane County Dairy*, 795 F.2d 1313, 1323 (7th Cir. 1986). Accordingly, the allegations in the Complaint related to the Transfers should be deemed true.

28.  It is therefore clear that under 740 ILCS 160/5(a)(1) and/or 740 ILCS 160/6(a), the Transfers are fraudulent transfers and Comerica has been harmed by said Transfers. Accordingly, Comerica requests relief pursuant to 740 ILCS 160/8 and 740 ILCS 160/9(b).

**WHEREFORE**, COMERICA BANK, respectfully requests that the Court enter an Order against the Defendants as follows:

(i)  Finding the Defendants in default for failing to timely answer or otherwise plead in response to the complaint;

(ii)     Finding that the allegations of the complaint are deemed admitted as to defendants Nali, Inc. d/b/a Simco Formal Wear and Ilanos Corporation d/b/a Ilanos Talent Wear;

(iii)    Entering a default judgment against Nali, Inc. d/b/a Simco Formal Wear in the amount of $370,664.99 plus attorneys' fees of $9,606.18 plus accruing interest from August 20, 2014 at a per diem rate of $50.39 through the date of judgment, plus additional attorneys' fees and costs;

(iv)    Directing Defendants Nali, Inc. d/b/a Simco Formal Wear and Ilanos Corporation d/b/a Ilanos Talent Wear to turnover the Collateral to Plaintiff;

(v)     Entering a monetary judgment against Ilanos Corporation d/b/a Ilanos Talent Wear in the amount of $370,664.99 plus attorneys' fees of $9,606.18 plus accruing interest from August 20, 2014 at a per diem rate of $50.39 through the date of judgment, plus additional attorneys' fees and costs;

(vi)    Entering a monetary judgment against Ilanos Corporation d/b/a Ilanos Talent Wear in the amount equal to the value of the Collateral transferred to Ilanos.

(vii)   For such other relief as this Court deems just and proper.

                                      Respectfully Submitted,
                                      **COMERICA BANK,**


                                      By: /s/ Martin J. Wasserman
                                             One of its Attorneys

Kurt M. Carlson
Martin J. Wasserman
Stuart W. Evans
CARLSON DASH, LLC
216 S. Jefferson St., Suite 504
Chicago, Illinois 60661
Telephone: 312-382-1600
kcarlson@carlsondash.com
mwasserman@carlsondash.com
sevans@carlsondash.com