UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| COMERICA BANK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Case No. 14-CV-4884 |
| v. | ) | |
| | ) | Judge John W. Darrah |
| NALI, INC. d/b/a SIMCO FORMAL WEAR; ILANOS CORPORATION d/b/a ILANOS TALENT WEAR; and PRASHANT SHETH, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Comerica Bank filed suit against Defendants Nali, Inc. ("Nali"); Ilanos Corporation ("Ilanos"); and Prashant Sheth, alleging breach of contract for nonpayment of a promissory note. Plaintiff voluntarily dismissed its claims against Ilanos on March 25, 2015. Plaintiff then filed this Motion for Summary Judgment against Prashant Sheth for breach of guaranty, arguing that he is liable for Nali's unpaid debt and all attorney's fees, costs and collection expenses incurred by Plaintiff. For the reasons set out below, Plaintiff's Motion [45] is granted.

## **LOCAL RULE 56.1**

Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the party contends there is no genuine issue for trial." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817 (7th Cir. 2004). Local Rule 56.1(b)(3) requires that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id.* Local Rule 56.1(b)(3)(C) permits the

nonmovant to submit "any additional facts that require the denial of summary judgment . . . ." To overcome summary judgment, "the nonmoving party must file a response to each numbered paragraph in the moving party's statement." *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005). In the case of any disagreement, the nonmoving party must reference affidavits, parts of the record, and other materials that support his stance. *Id.* A nonmovant's "mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003). If the nonmovant's response only provides extraneous or argumentative information, the response will fail to constitute a proper denial of the fact, and the fact will be admitted. *See Graziano v. Vill. of Oak Park*, 401 F. Supp. 2d 918, 936 (N.D. Ill. 2005).

Legal conclusions or otherwise unsupported statements, including those that rely upon inadmissible hearsay, will be disregarded. *See First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1011 (7th Cir. 1985); *Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). If the responding party fails to comply with Rule 56.1, its "additional facts may be ignored, and the properly supported facts asserted in the moving party's submission are deemed admitted." *Gbur v. City of Harvey, Illinois*, 835 F. Supp. 2d 600, 666 (N.D. Ill. 2011). Substantial compliance is not enough; parties must strictly comply with the rule. *See Ammons*, 368 F.3d at 817.

## BACKGROUND

The following facts are taken from the Plaintiff's Statement of Facts submitted in accordance with Local Rule 56.1. Sheth filed a Response to Plaintiff's Statement of Facts and Motion for Summary Judgment but failed to support his assertions of fact with citations to the record or any affidavit. As Sheth failed to comply with the applicable rules of procedure, the

properly supported facts in Plaintiff's submission are deemed admitted[1]. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003).

On May 29, 2006, Nali, Inc. d/b/a Simco Formal Wear, Inc. ("Nali") executed a promissory note ("Note") in the principal amount of $1,117,500.00. (*Id*. ¶ 5.) The Note was later modified by a Change in Terms Agreement which, among other things, deferred the principal payments due under the Note for certain months in 2006. (*Id*. ¶ 6.) The Note required Nali to make monthly principal and interest payments to Plaintiff. (*Id*. ¶ 7.) Nali defaulted under the terms of the Note by failing to make the monthly payments as required by the Note. (*Id*. ¶ 8.)

On May 29, 2006, Sheth executed an Unconditional Guarantee (the "Sheth Guaranty"), whereby he unconditionally guaranteed to pay all amounts under the Note, including all attorney's fees, costs and expenses of collection incurred by Plaintiff. (*Id*. ¶ 9.) Despite demand, Sheth failed to pay the amounts due under the Note. (*Id*. ¶ 10.) As of March 5, 2015, the amount of principal, interest and late fees due and owing under the Note was $374,208.48, with interest continuing to accrue at the per diem rate of $49.11. (*Id*. ¶ 11.) Attorney's fees and costs have accrued in the amount of $22,503.90. (*Id*. ¶ 13.)

**LEGAL STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Courts deciding summary judgment motions must view facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."

---

[1] Sheth attached several exhibits in his Response that were not authenticated.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has the initial burden of establishing that there is no genuine dispute as to material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Then, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256 (quotation omitted). The adverse party must do so by "submitting admissible, supporting evidence in response to a proper motion for summary judgment." *Harney v. City of Chicago*, 702 F.3d 916, 925 (7th Cir. 2012). *Pro se* litigants are given more leeway than licensed attorneys when assessing their pleadings, but they must still adhere to the Federal Rules of Civil Procedure. *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008).

## ANALYSIS

In order to establish a *prima facie* case for breach of guaranty in Illinois, the plaintiff must establish the existence of the original indebtedness, the debtor's default, and the guaranty. *Mid-City Indus. Supply Co. v. Horwitz*, 476 N.E.2d 1271, 1277 (Ill. App. Ct. 1985). Even viewing the facts in the light most favorable to Sheth, Plaintiff prevails on all three factors and is therefore entitled to judgment as a matter of law.

### *Breach of Guaranty*

Plaintiff has demonstrated Nali's original indebtedness. Nali agreed to pay Plaintiff the principal balance of $1,117,500.00 plus interest and all other amounts required by the Note. (Dkt. 39 Ex. 2.) The Affidavit of Charles Prack corroborates the existence and validity of the Note. (SMF. ¶ 5.) Nali does not dispute that it became indebted to Plaintiff as a result of executing the loan.

Plaintiff has established that Nali defaulted on the loan. The Note specifies that Nali would be in default if they did not make a payment when due. (Dkt. 39 Ex. 1.) The Affidavit of

Charles Prack demonstrates that Nali failed to make monthly payments as required by the Note. (SMF. ¶¶ 7-8.) Nali's breach of the Note is not disputed.

Finally, Plaintiff has established that Sheth executed a valid guaranty that made him liable for all unpaid amounts stipulated within. Sheth admits that he executed the Guaranty. (Dkt. 11 ¶ 13.) Sheth disputes that he is liable for all unpaid amounts stipulated in the Guaranty but provides no basis or support for this argument. Further, as indicated below, even if Sheth's Response to Plaintiff's Motion for Summary Judgment complied with the Federal Rules of Civil Procedure and Local Rule 56.1, his arguments are unpersuasive and do not sufficiently dispute the validity of the Guaranty such that there is a material issue of fact.

Sheth's admissions, the Affidavit of Charles Prack, the Guaranty, and the Note itself demonstrate that there is no genuine issue of material fact in this case.

*Defendant's Arguments*

As noted above, Sheth filed a Response to Plaintiff's Statement of Facts and Motion for Summary Judgment that raises the following arguments: (a) Sheth's divorce from his ex-wife relieved him of his obligations under the Guaranty; (b) the Guaranty was made to obtain a loan to the Borrower and was a formality because the Small Business Administration guaranteed the Borrower's loan; (c) Plaintiff failed to conduct a proper sale of the collateral; (d) the Change in Terms Agreement was made without Sheth's knowledge or approval; (e) the attorney's fees sought by Plaintiff are not recoverable against Sheth; (f) there was an oral agreement with Plaintiff that judgment would not be pursued against Sheth; and (g) the Court lacks jurisdiction because Sheth moved to California.

As Plaintiff correctly points out, Sheth waived defenses (a) – (c) and (f) by failing to raise them as affirmative defenses in his Answer. Federal Rule of Civil Procedure 8(c) requires a

defendant to raise an affirmative defense in response to the initial pleading. Fed. R. Civ. P. 8(c). Release, duress and failure to mitigate are affirmative defenses that are waived unless raised in an initial pleading. Fed. R. Civ. P. 8(c); *LaSalle Bank and Nat'l Assoc. v. Paramount Properties*, 588 F. Supp. 2d 840, 861 (N.D. Ill. 2008). Sheth did not raise these defenses in his Answer and thus, they are waived. However, even if Sheth's Response complied with procedural rules, he fails to raise a genuine issue of material fact in support of these arguments.

First, Sheth fails to explain how his divorce released him from his obligations under the Guaranty[2]. Sheth also does not specify how his lack of knowledge of the Change in Terms Agreement is a defense to Plaintiff's claims, and does not provide any details as to how this agreement negatively affected him. As Plaintiff points out in its Reply, the Change in Terms Agreement merely deferred principal payments due from the Borrower for three months, and it is unclear how this is a defense to Plaintiff's claim. Sheth also argues that Plaintiff did not conduct a proper sale of the collateral but fails to state what was improper about the sale. Further, under the terms of the Guaranty, Sheth waived all defenses related to the modification of the loan documents and the disposal and sale of any collateral[3].

Sheth also argues that he had oral agreements with Plaintiff that judgment would not be pursued against him, that the Guaranty was a mere formality, and that Plaintiff would seek recovery from the Small Business Administration in the event of default. These defenses are

---

[2] In support of his argument, Sheth provided a copy of an agreed order from his divorce proceedings with a handwritten note that, "Each party shall be solely responsible for and pay in a timely fashion all debts, liabilities and personal guarantees related to the corporations awarded to him/her and each party shall save and hold the other party harmless and indemnified from same." However, this exhibit was not authenticated and will not be considered here.

[3] Courts standing in diversity jurisdiction apply state substantive law and federal procedural law. *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 471 (2010). When the language of the guaranty is unequivocal, it will be construed in accordance with the language and intention of the parties. *Bank of Naperville v. Holz*, 86 Ill. App. 3d (1980).

6

barred by the Illinois Credit Agreements Act ("ICAA"), 815 ILCS 160/1 *et seq.*, which bars claims by obligors that are related to a credit agreement, unless that credit agreement is in writing and is signed by the creditor and the debtor. 815 ILCS 160/2. The ICAA also provides that certain actions by the creditor, including forbearing from existing remedies in connection with an existing credit agreement (e.g., guaranties as consideration for a loan), do not give rise to a defense by an obligor that a new credit agreement is created, unless the agreement is in writing and signed by the creditor and the obligor. 815 ILCS 160/3. Sheth fails to point to any agreement in writing, signed by Sheth and the Plaintiff, to support his defenses. Sheth's defenses based on oral arguments are barred by the ICAA and fail to raise an issue of material fact.

Finally, Sheth's argument that the Court lacks jurisdiction also fails. Diversity jurisdiction must exist at the time the complaint is filed. *See United Phosphorus, Ltd. v. Angus Chem. Co.*, 43 F. Supp. 2d 904, 911 (N.D. Ill. 1999); *see also Marco Island Ltd. P'ship v. Wallace Associates Consulting Grp., Inc.*, No. 92 C 865, 1992 WL 59111, at *3 (N.D. Ill. Mar. 13, 1992) (citing *Mann v. City of Tucson, Dep't of Police*, 782 F.2d 790, 794 (9th Cir. 1986)). Plaintiff's Complaint was filed on June 27, 2014. Sheth admitted in his Answer that he was a resident of Illinois at the time this action was filed. (Dkt. 11.) Further, he did not relocate to California until February 3, 2015. (Dkt. 51 ¶ 2.) Plaintiff is a Texas banking corporation with its principal place of business in Dallas, Texas. (SOF ¶ 1.) Thus, at the time of filing, the Court had proper jurisdiction over Sheth and retains jurisdiction now.

*Damages*

Sheth contends that he is not responsible for attorney's fees and costs incurred by Plaintiff in the personal bankruptcy matters of his ex-wife. However, the language of the Guaranty unconditionally guarantees payment to the lender of all amounts due under the Note.

The Note specifically states that the amounts due under the Note include "expenses to collect amounts due under th[e] Note, enforce the terms of the[e] Note or any other Loan Document . . ." (Dkt. 46 Exh. A.) Thus, Sheth is responsible for all attorney's fees and costs incurred in enforcing the Note and other loan documents.

As there is no genuine issue of material fact, Plaintiff is entitled to judgment in their favor for all amounts due under the Note, including all attorney's fees, costs and expenses of collection incurred by Plaintiff.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Summary Judgment [45] is granted. Damages are awarded to Plaintiff in the amount of $396,712.38.

Date:  October 8, 2015  
_____  
JOHN W. DARRAH  
United States District Court Judge